UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARY ROMECEVICH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-11656-IT |
| | * | |
| MARY K. ARMBRUSTER, | * | |
| | * | |
| Defendant/Third-Party Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| SARAH NOSS d/b/a Heaven on Earth | * | |
| Antiques and Design, | * | |
| | * | |
| Third-Party Defendant. | * | |
| | * | |

MEMORANDUM & ORDER

August 4, 2023

TALWANI, D.J.

This case, asserting claims of negligence and failure to warn, seeks damages for injuries

sustained by Plaintiff Mary Romecevich while attending an estate sale at a property owned by

Defendant Mary K. Armbruster. Pending before the court is Armbruster's Motion for Summary

Judgment [Doc. No. 37] which is DENIED for the reasons that follow.

I. **Factual Background**

The following facts are drawn from the summary judgment record and are construed in

the light most favorable to the non-moving party, Romecevich.

Armbruster owned a single-family home in Massachusetts (the "Property"). Def.'s

Statement of Undisputed Facts ("Def.'s SOF") ¶¶ 1, 2 [Doc. No. 39]. Armbruster engaged third-

party Defendant Sarah Noss to operate an estate sale which was held on the Property on May 5,

2018. Id. at ¶ 6; Pl.'s Statement of Undisputed Facts ("Pl.'s SOF") Ex. 3 (estate sale listing) [Doc. No. 43-3].

The estate sale displayed items in the dining room, kitchen, library, and a hallway leading from the front door to the family room but did not display any items for sale in the family room. Def.'s SOF ¶¶ 3-5, 8-9. The threshold between the hallway and the family room had a single step down into the family room. Id. at ¶ 5.[1] On the wall of the family room across from the step was a fireplace with glass double doors and windows on either side. Pl.'s SOF Ex. 2 [Doc. No. 43-2]. The floor of the hallway was dark brown wood, and the family room floor was carpeted in beige. See Romecevich Dep. Tr. 47:6-8 [Doc. No. 43-1]; Pl.'s SOF Ex. 2 [Doc. No. 43-2].

Armbruster asserts that she placed a sign instructing attendees that the family room was off limits. Def.'s SOF ¶¶ 10-11 [Doc. No. 39]; Armbruster Aff. ¶ 10 [Doc. No. 39-2]. Armbruster further asserts that a couch, pillows, and tape were placed in front of the family room to indicate that the family room was off limits and to prevent attendees from entering from the front hallway. Def.'s SOF ¶¶ 12-15 [Doc. No. 39]. Armbruster does not contend, however, that she remained in the home or otherwise observed the Property, including the step from the hallway to the family room, during the estate sale. Armbruster Aff. ¶¶ 11-13 [Doc. No. 39-2].

Romecevich attended the estate sale. Def.'s SOF ¶ 7 [Doc. No. 39]. She had not previously been to the Property. Romecevich Dep. Tr. 45:4-6 [Doc. No. 43-1]. Several features of the family room drew her attention towards the far side of the room, including the fireplace,

---

[1] The step was part of the home as originally constructed. Armbruster Interrog. 7 [Doc. No. 43-4]. The Town of Sudbury Office of Inspector of Buildings issued a Certificate of Occupancy for the Property on April 12, 1996, verifying that it was "erected in accordance with the Building Code." Def.'s SOF ¶¶ 27-28 [Doc. No. 39]; Ex. 5 [Doc. No. 39-5].

bookcase, sliding door, and bright windows. Romecevich Dep. Tr. 52:17-21, 121:3-8 [Doc. No. 43-1]. The furniture in the family room was tall, and Romecevich did not notice that there was a step down from the hallway. Id. at 53:11-14.[2]

Romecevich did not see any signs or tape and did not hear any instructions that attendees should not enter the family room. Pl.'s SOF ¶¶ 10-11 [Doc. No. 43]. Despite the placement of the couch, there was significant space on each side, allowing people to enter the family room from the hallway. Id. at ¶¶ 12, 14, 25-26; Romecevich Dep. Tr. 54:13-55:2 [Doc. No. 43-1]. She entered the family room from the left side of the couch to see what was on display and fell as she stepped into the room. Romecevich Dep. Tr. 55:14-15, 63:23-64:1, 120:3-15 [Doc. No. 43-1]; Def.'s SOF ¶ 25 [Doc. No. 39]. As a result of the fall, she suffered fractures to her left wrist, left ankle, and pelvis, as well as bruising to her arm. Romecevich Dep. Tr. 94:23-95:21 [Doc. No. 43-1].

## II.     Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

---

[2] Romecevich claims further that she was not familiar with the concept of a step between adjacent rooms. Romecevich Dep. Tr. 45:4-6, 115:1-4 [Doc. No. 43-1].

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A moving party can satisfy this burden in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 322-23.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Anderson, 477 U.S. at 256. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of [the] pleadings." Id. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (internal quotations omitted). The non-moving party must demonstrate through "submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

### III.    Discussion

Romecevich alleges that Armbruster negligently failed to maintain the Property in a reasonably safe condition and failed to warn Romecevich of a hazard on the property, and that Armbruster's negligence and failure to warn directly and proximately caused personal injury to Romecevich. Compl. ¶¶ 7-10, 15-18 [Doc. No. 1-3].

Armbruster argues that Romecevich failed to produce evidence, including an expert opinion, showing that the step down from the hallway into the family room was a defective or dangerous condition, or that the step caused Romecevich's injury. Def.'s Mot. 1 [Doc. No. 37]; Def.'s Mem. 5-6 [Doc. No. 38]. Armbruster further claims that Romecevich's comparative negligence exceeds fifty percent, barring recovery. Def.'s Mot. 1-2 [Doc. No. 37]; Def.'s Mem. 8-9 [Doc. No. 38]. Romecevich disputes Armbruster's claims that a couch, pillows, and tape were positioned to prevent attendees from entering the family room, and that Armbruster warned all attendees of the step down. Pl.'s Opp. ¶¶ 2, 6 [Doc. No. 42]. She contends that an expert is unnecessary where a reasonable jury could determine that the step posed an unreasonable danger to estate sale attendees. Id. at ¶¶ 3, 5.

To recover on a claim of negligence under Massachusetts law, a plaintiff must establish by a preponderance of the evidence that she sustained an injury proximately caused by the defendant's breach of a duty of care. Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358, 557 N.E.2d 1166 (1990). By statute, Massachusetts follows a "not greater than" modified comparative negligence approach to plaintiff's fault in negligence actions. M.G.L. c. 231 § 85. Under this statute, a plaintiff's contributory negligence only bars recovery if the plaintiff's negligence is greater than the total negligence of all defendants. Id.; Shantigar Found. v. Bear

Mountain Builders, 441 Mass. 131, 135 n.4, 804 N.E.2d 324 (2004) ("[T]he plaintiff in a single-defendant case may not recover if found to be more than fifty per cent at fault.").

A landowner has a duty to all persons lawfully on the premises to exercise reasonable care and to maintain the property in a reasonably safe condition. Dos Santos v. Coleta, 465 Mass. 148, 154, 987 N.E.2d 1187 (2013). This duty also includes a duty to warn of unreasonable dangers of which the landowner is or should be aware. Id. As a general matter, "[l]andowners are relieved of the duty to warn of open and obvious dangers on their premises because it is not reasonably foreseeable that a visitor exercising (as the law presumes) reasonable care for his own safety would suffer injury from such blatant hazards." Id. (quoting O'Sullivan v. Shaw, 431 Mass. 201, 204, 726 N.E.2d 951 (2000)).

However, landowners "[are] not relieved from remedying an open and obvious danger where [the landowner] 'can and should anticipate that the dangerous condition will cause physical harm to the [lawful visitor] notwithstanding its known or obvious danger.'" Papadopoulos v. Target Corp., 457 Mass. 368, 379, 930 N.E.2d 142 (2010) (quoting Soederberg v. Concord Greene Condo. Ass'n, 76 Mass. App. Ct. 333, 338, 921 N.E.2d 1020 (2010)). To come within this exception, "the plaintiff must show that the property owner has some heightened reason to anticipate that the unreasonably unsafe condition, though open and obvious, presents a danger likely to cause physical harm." Potvin v. Speedway LLC, 891 F.3d 410, 415 (1st Cir. 2018).

As an initial matter, the court finds that an expert opinion is not required to determine whether the step down from the hallway to the family room on the day of the estate sale was a dangerous condition. In Massachusetts, "[e]xpert testimony is generally required where an issue the jury must decide 'is beyond the common knowledge or understanding of the lay juror.'"

Clairmont v. Amer Sports Winter & Outdoor Co., 2017 WL 5329484 (Mass. Super. 2017) (quoting Commonwealth v. Sands, 424 Mass. 184, 186, 675 N.E.2d 370 (1997)). Every juror likely has experience walking through unfamiliar houses with steps. A reasonable jury could conclude, without an expert's opinion, whether or not the step between the hallway and the family room was a dangerous condition on May 5, 2018.[3]

Further, there is a genuine dispute of material fact as to the conditions of the Property on the date of the estate sale. Compare Def.'s SOF ¶¶ 12-14 [Doc. No. 39] with Pl.'s SOF ¶¶ 12, 14, 25-26 [Doc. No. 43]. Armbruster asserts that she positioned a couch, throw pillows, and tape that prevented attendees from entering the family room from the hallway and put up a sign stating that attendees should not enter the family room. Def.'s SOF ¶¶ 12-13 [Doc. No. 39]; Armbruster Aff. ¶¶ 10-13 [Doc. No. 39-2]. Romecevich disputes this description of the layout, claiming that there was a couch in the hallway, but no tape or signs, and that the position of the couch left significant room on each side to allow people to enter the family room. Pl.'s SOF ¶¶ 11-12, 14, 25-26. Romecevich also describes several conditions, including the lighting in the family room,

_____

[3] Armbruster proffers an expert's opinion [Doc. No. 39-6] that largely discusses the construction and condition of the house generally, not on the day of the estate sale. The expert, a retired general contractor, conducted a site visit in September 2022 and concluded that the step into the family room was "a reasonable design and construction method and is widely accepted and used" in Massachusetts. [Doc. No. 39-6, at 16]. Romecevich, however, does not argue that it was the *general* construction of the house that caused the dangerous condition (though if she had, Armbruster's expert opinion would defeat that argument on summary judgment based on the evidence before the court). Instead, Romecevich alleges that the condition of the house, particularly the hallway and family room, *during the May 2018 estate sale* created the dangerous condition. Pl.'s Opp. ¶¶ 1-2, 4-5 [Doc. No. 42]. And to the extent the report opines on the condition during the estate sale, the report relies on Defendant's statements regarding the location of the couch, pillows, and tape. But Romecevich disputes the arrangement of furniture and the presence of pillow and tape. Pl.'s SOF ¶¶ 12, 14, 25-26 [Doc. No. 43]. Defendant's expert's report is therefore insufficient on summary judgment to demonstrate that the step between the hallway and the family room was not a dangerous condition at the estate sale.

the height of the furniture in the family room, and the presence of distractions for estate sale attendees, that contributed to the alleged dangerousness of the step. Pl.'s Opp. ¶¶ 3, 5 [Doc. No. 42]; Romecevich Dep. Tr. 52:17-21, 121:3-8 [Doc. No. 43-1]. Accordingly, a reasonable jury could find that the step from the hallway to the family room posed a dangerous condition.

The genuine dispute of material fact as to the dangerousness of the step is also sufficient to preclude summary judgment on Romecevich's failure to warn claim. Although Romecevich concedes that signage indicating that attendees should not enter or furniture in the hallway blocking the entrance would be a sufficient warning, Romecevich Dep. Tr. 59:7-60:10 [Doc. No. 43-1], the parties dispute whether Armbruster placed tape, pillows, furniture, and/or warning signs in such a manner. See Def.'s SOF ¶¶ 10-14 [Doc. No. 39]; Pl.'s SOF ¶¶ 10-12 [Doc. No. 43].

Armbruster also asserts that Romecevich's negligence exceeds fifty percent and therefore bars recovery. Def.'s Mem. 8-9 [Doc. No. 38]. While Armbruster correctly describes the effect of Massachusetts's comparative negligence statute, M.G.L. c. 231 § 85, genuine disputes of material fact preclude a determination of Romecevich's comparative negligence on summary judgment where Armbruster's comparative negligence assertion is premised on the disputed claim that the couch, pillows, and tape effectively blocked the space between the hallway and family room. Def.'s Mem. 8-9 [Doc. No. 38]; Pl.'s SOF ¶¶ 12, 14, 25-26 [Doc. No. 43].

**IV.    Conclusion**

Accordingly, Armbruster's Motion for Summary Judgment [Doc. No. 37] is DENIED.

IT IS SO ORDERED

August 4, 2023                                            /s/      Indira Talwani
                                                         United States District Judge