UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Romecevich** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Armbruster** )<br>)<br>**Defendant.** )<br>) | **Civ. Action No.**<br>**21-11656-IT** |

## NOTICE AND ORDER WITH RESPECT TO MEDIATION

**LEVENSON, U.S.M.J.**

The parties are hereby notified that in accordance with the Order of Reference (Docket No. 52) referring this case for Alternative Dispute Resolution, the Court has scheduled a mediation conference at:

**9:30 a.m. on Wednesday, October 17, 2023**

**Courtroom 25, John J. Moakley Courthouse**.

Counsel are directed to be present with their respective clients or representatives thereof without limitation on their authority to negotiate and commit to settlement terms that, in their discretion, may be acceptable.

The Court has also scheduled a pre-mediation conference for counsel (clients are not required to attend), at:

**11:00 a.m. on Monday, October 16, 2023**

**(remote only)**

It shall be understood that: (a) all parties and counsel will participate in this court-sponsored mediation in good faith, with the interest of settling the matter on mutually acceptable

terms; (b) the entire mediation process, including all communications during any in-person, video, or audio portion of the process, is confidential; (c) all statements made during the course of mediation are privileged settlement discussions, made without prejudice to any party's legal position, and inadmissible for any purpose in any legal proceeding; (d) no party, participant, or representative shall seek in any proceeding to compel the mediator to testify and/or produce any document with respect to the mediation; and (e) by participating in this court-sponsored mediation, all parties, counsel, and other participants agree to be bound by these conditions and shall keep confidential all communications exchanged during the mediation process.

If the scheduled date for this mediation poses a serious conflict, please do NOT contact the Courtroom Deputy directly regarding mediation scheduling; instead, the parties shall confer and file on CM/ECF an assented-to motion to continue the mediation, including in that motion several proposed dates for which all counsel and principals are available.

By no later **than ten (10) days before the mediation**, each party separately shall provide the Court a confidential settlement memorandum (marked "Confidential – Not for Docketing") of **no more than eight pages** addressing with candor**, in labeled sections**, each of the following points:

1. A brief analysis of the key issues involved in the litigation, including a specifically itemized breakdown of claimed damages.

2. A description of the strongest and weakest legal and factual points in the party's case and in the opponent's case.

3. A brief report on the status of settlement negotiations, including the last settlement proposal made by each side. In this regard, counsel are directed to

confer with their clients in advance of the mediation conference to explore the party's settlement position.

4. A settlement proposal that the party believes would be fair.

5. The settlement proposal that the party would be willing to make in order to conclude the matter at this time.

6. A list of the expected attendees at the mediation along with a brief explanation of their role or title.

The memorandum **may also include exhibits** (no more than 5 exhibits or 30 total pages) that best illustrate the party's positions.

Each memorandum shall be held in confidence by the court and shall **not** be filed on CM/ECF. The memoranda should be sent by email to Rose Dumoulin, Deputy Clerk, Rose_Dumoulin@mad.uscourts.gov.

If you believe the case is not ripe for mediation[1] you must notify opposing counsel and the Court as soon as possible.

SO ORDERED,

October 2, 2023

/s/ Paul G. Levenson
PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Examples of reasons why a case might not be ripe for mediation are: (1) crucial discovery has not been completed; (2) one or more of the parties is unwilling to settle on any terms; or (3) one or more of the parties is unwilling to settle on terms other than ones that another party or parties will find impossible to accept.